IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID DEBERRY,

                Plaintiff,

v.                                                CIVIL ACTION NO. 2:22-cv-00299

CORRECTIONAL OFFICER GARY, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss. [ECF No. 4]. Because Mr. Deberry has failed to state a cognizable claim against the West Virginia Division of Corrections and Rehabilitation, the motion is **GRANTED**.

### I. Background

Plaintiff, David Deberry, is an inmate at the Northern Correctional Facility. [ECF No. 1-1, at 3]. In his complaint, Mr. Deberry alleges that on or about May 30, 2021, Defendant Sergeant Justin Wade sprayed Mr. Deberry in the face with pepper spray without just cause. *Id.* at 3–4. Mr. Deberry further alleges that after the spraying Defendant Wade and Defendant Correctional Officers Gary and Doe tackled him to the ground without cause, thereby breaking Mr. Deberry's hand and wrist. *Id.* Following the altercation, the above defendants "conspired with one another to file false incident reports in an attempt to cover-up their wrongful conduct." *Id.* at 4.

Subsequently, Mr. Deberry filed suit in Kanawha County Circuit Court against Correctional Officers Gary and Doe, Sergeant Wade, and the West Virginia Division of Corrections and Rehabilitation ("WVDCR"). *Id.* at 3. He asserts the following claims against Defendants Gary, Doe, and Wade: outrageous conduct (Count I), violations of 42 U.S.C. § 1983 (Count II), and conspiracy to commit fraud (Count IV). *Id.* at 5–7. Mr. Deberry also asserts a claim for vicarious liability against WVDCR for the outrageous conduct of Defendants Gary, Doe, and Wade set forth in Count I (Count III). *Id.* at 6.

On July 21, 2022, Defendants Gary and Wade removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441. [ECF No. 1]. WVDCR filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 22, 2022. [ECF No. 4]. In support of its motion, WVDCR argues that Mr. Deberry's claim against it fails as a matter of law because, respectively, WVDCR is immune from suit pursuant to the Eleventh Amendment of the United States Constitution; Mr. Deberry failed to state sufficient facts demonstrating that WVDCR is vicariously liable for the individual defendants' outrageous conduct and vicarious liability is not a stand-alone cause of action; WVDCR is entitled to qualified immunity; and Mr. Deberry's complaint fails to plead sufficient facts supporting a claim of supervisory liability. To date, Mr. Deberry has not responded to WVDCR's motion.

Because I find that WVDCR is correct that it is entitled to Eleventh Amendment immunity and that it must be dismissed from this case, I do not address

2

its other arguments. For the reasons discussed below, Defendant WVDCR's Motion to Dismiss is **GRANTED.**

## II. Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). The Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must also "draw[] all reasonable factual inferences from

those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Discussion

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court of the United States has interpreted the amendment to apply to a suit by a citizen of a state against that state. *Hans v. Louisiana*, 134 U.S. 1 (1890). Further, the Eleventh Amendment prohibits naming an arm of the state as a defendant. *See Westinghouse Elec. Corp. v. W. Va. Dep't of Highways*, 845 F.2d 468, 469 (4th Cir. 1988). The Amendment applies to state law and federal claims. *Id.* It is well established that the Division of Corrections is an "arm" of the State of West Virginia and therefore is entitled to the same immunity from suit in federal court as the State itself. *Basham v. Corr. Med. Servs., Inc.*, No. 5:06-cv-00604, 2007 WL 2481338, at *3 (S.D. W. Va. Aug. 29, 2007) ("[I]n West Virginia, the Division of Corrections is an arm of the state and is therefore immune from suit under the Eleventh Amendment."); *Rakes v. Rush*, No. 2:09–018, 2009 WL 2392097, at *7 (S.D. W. Va. Aug. 4, 2009).

There are three narrow exceptions to Eleventh Amendment immunity. First, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002). Such a waiver must be express,

4

or in other words, the waiver must be an "unequivocal statement of the state's intention to subject itself to suit in federal court." *See Regueno v. Erwin*, No. 2:13–cv–00815, 2013 WL 1837881, at *3 (S.D. W. Va. May 1, 2013) (quoting *Westinghouse*, 845 F.2d at 471) (markings omitted); *Price v. W. Va. Air Nat'l Guard, 130th Airlift Wing*, No. 2:15-CV-11002, 2016 WL 3094010, at *2–3 (S.D. W. Va. June 1, 2016) (holding that insurance provisions contained in the West Virginia Code provide a limited waiver of the State's sovereign immunity in state courts; however, that waiver does not extend to suits brought against the State in federal court). While West Virginia Code § 29-12-5 has been read to waive immunity from suit for damages up to the amount covered by an applicable insurance policy, the Fourth Circuit Court of Appeals has held that the language of this statute does not rise to the requisite level of specificity to serve as a waiver of Eleventh Amendment immunity. This language, "at most, [can] be construed as waiving the [S]tate's immunity from suit in *state* court." *Price*, 2016 WL 3094010, at *3 (quoting *Westinghouse*, 845 F.2d at 471).

A state may also be deemed to have consented to a suit if it removes the matter to federal court. *See, e.g., Lapides*, 535 U.S. at 616. However, the removal exception to the Eleventh Amendment does not apply here where the case was removed to federal court by Defendants Gary and Wade, not WVDCR. Consequently, the waiver and consent exception does not apply here.

Second, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of

5

constitutional authority.'" *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). Plaintiff points to no act of Congress that purportedly abrogates the immunity of the State of West Virginia or its agencies from civil suits in federal court. This exception does not apply.

As to the third and final exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *see also Freeland v. Ballard*, 6 F. Supp. 3d 683, 694 (S.D. W. Va. 2014) ("Pursuant to the Eleventh Amendment, a federal court may enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds."). This exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). Because WVDCR is not a state official, the third exception to Eleventh Amendment immunity is likewise inapplicable. *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (recognizing that lawsuits must name a state official as defendant, not a state agency); *Chafin v. W. Reg'l Jail*, No. 3:13–cv–01706, 2013 WL 3716673, at *5 (S.D. W. Va. July 12, 2013) (recognizing same); *see also Thomas v. Nakatani*, 309 F.3d 1203, 1208 (9th Cir. 2002) ("*Ex Parte Young*

6

doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction."). Moreover, Plaintiff has not asserted a claim for prospective injunctive relief, making this exception irrelevant to this case.

In sum, since none of the exceptions to Eleventh Amendment immunity apply, I **FIND** that WVDCR is shielded by Eleventh Amendment immunity from Plaintiff's claim and that WVDCR ought to be dismissed from this civil action.

## IV. Conclusion

For the foregoing reasons, WVDCR's motion to dismiss Plaintiff's claims against it [ECF No. 4] is **GRANTED**. WVDCR is **DISMISSED** from this case. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 25, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE